IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-cr-00141-RBJ

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**DEON JACKSON,**
    a/k/a "D-Act,"

    Defendant.

---

**RESPONSE TO DEFENDANT'S OBJECTION TO PORTION OF PRESENTENCE REPORT [DOC 25]**

---

The United States of America, by and through Robert C. Troyer, Acting United States Attorney for the District of Colorado, and Susan D. Knox, Assistant United States Attorney, hereby responds to the defendant's objections to the presentence report and respectfully requests that this Court overrule the objections for the following reasons:

1. The defendant objects to the Court's "discretion" to order the defendant be ineligible for federal benefits for up to 10 years after his conviction. The government believes that the Court has this discretion, however, the government has never seen a federal court exercise this discretion previously.

2. The defendant objects to Probation's recommendation for a search condition as part of any term of supervised release imposed. The government agrees with Probation's recommendation and joins the request for a search condition.

3.      This Court has broad discretion in setting any special conditions of release. *United States v. Hanrahan*, 508 F.3d 962, 970 (10th Cir.2007). This broad discretion is not unlimited, however, as any ordered conditions must still satisfy the requirements of 18 U.S.C. § 3583(d). *See United States v. Hahn*, 551 F.3d 977, 983 (10th Cir.2008). Thus, these conditions must fulfill three requirements. First, the conditions "must be reasonably related to at least one of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs." *See id.* at 983-84; 18 U.S.C. § 3583(d)(1). Second, the conditions must not constitute "a greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation." *See* 18 U.S.C. § 3583(d)(2). Finally, the conditions must be consistent with "any pertinent policy statements issued by the Sentencing Commission." *See id.* at § 3583(d)(3).

4.      Here, a search condition is reasonably related to the nature and circumstances of the current offense and the history and characteristics of the defendant. The defendant has been convicted in this matter of distributing more than 28 grams of cocaine base, a schedule II controlled substance. The defendant has previously been convicted of other serious offenses including previous narcotics offenses. In 2007, the defendant was convicted of Assault in Denver Municipal Court. In 2012, the defendant was convicted of Possession of Marijuana with Intent to Distribute, a felony in Denver District Court. In

2013, the defendant was convicted of Attempting to Influence a Public Servant, a felony in Denver District Court.  In 2015, the defendant was convicted of Violating a Court Order in Denver Municipal Court.  Importantly, the defendant was under supervision for two of these cases when the instant offense was committed.  Clearly being under court supervision does not deter the defendant from being involved in the distribution of narcotics.  A search condition is reasonably related to the current offense and the history of the defendant.

5.   A search condition also does not produce a greater deprivation of liberty than is reasonably necessary to deter the defendant from criminal conduct or to protect the public from future crimes of the defendant.  If the defendant knows that his probation officer may search his personal effects for controlled substances, he may be deterred from possessing these controlled substances.  Even if he is not so deterred, as this case and his criminal history suggest is strongly likely, the public deserves to be protected from future crimes of the defendant, particularly if he chooses to involve himself with controlled substances again.  A search condition gives probation the tools to ensure the public's safety.  Such a condition is constitutional as applied to the defendant and is reasonably related to the statutory provisions in 18 U.S.C. § 3583(d).

6.     For the foregoing reasons, the government respectfully requests that this Honorable Court overrule the defendant's objection and order a search condition as part of any term of supervised release imposed.

Dated this 1st day of September, 2017.

                                  Respectfully submitted,

                                  ROBERT C. TROYER
                                  Acting United States Attorney

By:  *s/Susan D. Knox*
       Susan D. Knox
       Assistant United States Attorney
       1801 California Street, Suite 1600
       Denver, Colorado 80202
       Tel: (303) 454-0100
       Fax: (303) 454-0409
       Susan.Knox@usdoj.gov
       Attorney for the government

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

By: *s/Diana Brown*
Legal Assistant
United States Attorney's Office